**No. 17-1007**

**In the**

**United States Court of Appeals**

**for the Federal Circuit**

LAURENCE A. FISHEL,

Plaintiff-Appellant,

vs.

MICHIGAN STATE UNIVERSITY,
DAVID A. JUCKETT, CHARLES AYLSWORTH,
IGOR ZLATKIN, TATIANA ZLATKIN,
SIU-CHEONG HO, and JOHN W. JUDGE,

Defendants-Appellees.

---

Appeal from the United States District Court for the Western District of Michigan,
Case No. 1:15-cv-50
Honorable Paul L. Maloney, Judge Presiding

**BRIEF OF DEFENDANTS-APPELLEES**

Brian T. Quinn (P66272)
Michigan State University
Office of General Counsel
Attorneys for Defendants
426 Auditorium Rd., Room 494
East Lansing, MI 48824-1046
(517) 884-9483

Attorney for Defendants-Appellees

February 10, 2017

## Certificate of Interest

Counsel for Defendants-Appellees certifies the following:

1. The full names of the party represented by me are Michigan State University, David A. Juckett, Charles Aylsworth, Igor Zlatkin, Tatania Zlatkin, Siu-Cheong Ho, and John W. Judge.

2. All Defendants-Appellees are real parties in interest.

3. None of the Defendants-Appellees has any parent companies or subsidiaries.

4. Only Michigan State University Office of the General Counsel has appeared for the Defendants-Appellees in the trial court.

Dated: February 10, 2017

*s/ Brian T. Quinn*

Brian T. Quinn

## Table of Contents

Certificate of Interest .................... i

Table of Authorities .................... iii

Statement of Related Cases .................... 1

Statement of Issues .................... 1

Statement of the Case .................... 2

I. Dr. Fishel's Original Complaint .................... 2

II. Dr. Fishel's Amended Complaint .................... 2

III. The District Court's Opinion and Order .................... 3

Summary of the Argument .................... 4

Argument .................... 5

I. Statement of the Standard of Review .................... 5

II. The District Court Properly Dismissed Dr. Fishel's Amended Complaint Because it Contained No Allegations of Any Injury .................... 6

A. The Injury Requirement of Constitutional Standing .................... 6

B. In His Amended Complaint, Dr. Fishel Failed to Clearly Allege Any Injury .................... 8

C. Dr. Fishel's Newfound Arguments Do Not Appear In His Amended Complaint .................... 9

III. Constitutional Standing is Required in 35 U.S.C. § 256 Cases .................... 11

Conclusion .................... 13

## Table of Authorities

### Cases

*Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430 (6th Cir. 2012) ................................. 5

*Cartwright v. Garner*, 751 F.3d 752 (6th Cir. 2014) .................................................. 5

*Cedars-Sinai Medical Center v. Watkins*, 11 F.3d 1573 (Fed. Cir. 1993) .................... 5

*Chou v. Univ. of Chicago*, 254 F.3d 1347 (Fed. Cir. 2001) ......................................6

*Courtney v. Smith*, 297 F.3d 455 (6th Cir. 2002) ....................................................... 6

*Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320 (6th Cir. 2007) ........................................................................................ 9

*Kamden-Ouaffo v. PepsiCo Inc.*, 657 Fed. Appx. 949 (Fed. Cir. 2016) ............ 7, 8, 11

*Larson v. Correct Craft, Inc.*, 569 F.3d 1319 (Fed. Cir. 2009) ...............................12

*Lovely v. United States*, 570 F.3d 778 (6th Cir. 2009) ................................................. 6

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ............................................... 6, 9

*Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990) ................. 5, 8

*Pederson v. Geschwind*, 141 F.Supp.3d 405 (D. Md. 2015) ...................................11

*Phillips v. DeWine*, 841 F.3d 405 (6th Cir. 2016) ....................................................... 5

*Raines v. Byrd*, 521 U.S. 811 (1997) ....................................................................... 12

*Shukh v. Seagate Technology, LLC*, 803 F.3d 659 (Fed. Cir. 2015), *cert. denied*, ___ U.S. ___; 136 S.Ct. 2512; 195 L.Ed.2d 842 (2016) ..... 5, 8, 11

*Spokeo, Inc. v. Robins*, ___ U.S. ___; 136 S.Ct. 1540; 194 L.Ed.2d 635 (2016) ........................................................................ 6, 8, 12

*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998) .......................12

**Table of Authorities, *continued***

*Vt. Agency of Natural Resources v. United States ex rel. Stevens*,
529 U.S. 765 (2000) .......... 6-7

*Warth v. Seldin*, 422 U.S. 490 (1975) .......... 12

*Whitmore v. Arkansas*, 495 U.S. 149 (1990) .......... 7

**Rules and Statutes**

35 U.S.C. § 256 .......... 1, 2, 4, 5, 7, 11, 12

## Statement of Related Cases

Defendants-Appellees, Michigan State University, David A. Juckett, Charles Aylsworth, Igor Zlatkin, Tatiana Zlatkin, Siu-Cheong Ho, and John W. Judge (collectively, "MSU") are not aware of any case that may directly affect or be directly affected by this Court's decision in the pending appeal.

## Statement of the Issues

MSU notes its specific disagreement to the Statement of the Issues of Plaintiff-Appellee Laurence A. Fishel, Ph.D. ("Dr. Fishel"), as follows:

1. Dr. Fishel's first listed issue involves an appeal from the District Court's Opinion and Order of July 19, 2016 (Appx1-7). Contrary to his first listed issue, the District Court did not hold that Dr. Fishel failed to plead "damages." The District Court dismissed the action because Dr. Fishel "failed to plead that he has or will suffer *any* injury, let alone an 'injury in fact' required for constitutional standing." Appx6 (emphasis in original).

2. Dr. Fishel's second listed issue involves a request of this Court to "expressly limit or abandon its recent, prior indications that pleading of 'concrete and specific damage' is additionally necessary to confer Constitutional standing" in actions brought under 35 U.S.C. § 256. The second listed issue is improper because Dr. Fishel frames it in terms of "damages" instead of injury.

## Statement of the Case

Pursuant to FED. CIR. RULES 28(a)(7) and 28(b), MSU submits this Statement of the Case to clarify Dr. Fishel's submission.

### I. Dr. Fishel's Original Complaint

Dr. Fishel filed his complaint in the District Court alleging that he was a co-inventor of patents 7,550,150 ('150 patent), 7,393,534 ('534 patent), and 8,257,714 ('714 patent). ECF No. 1 (Complaint), p. 1, ¶1. Dr. Fishel alleged these patents did not correctly name him as a co-inventor. *Id*. at 2, ¶¶11-12. Dr. Fishel sought a declaration and order pursuant to 35 U.S.C. § 256 naming him as a co-inventor of the '150, '534, and '714 patents. *Id*. at 5. The complaint contained no allegations regarding any injury. *See id*. MSU moved to dismiss because, among other things, Dr. Fishel's complaint failed to state any injury; therefore, Dr. Fishel lacked standing. ECF No. 4 (Motion); ECF No. 5 (Brief in Support), pp. 5-6. Dr. Fishel responded to MSU's motion. ECF No. 6 (Response). MSU filed a reply. ECF No. 7 (Reply).

### II. Dr. Fishel's Amended Complaint

Before the district court ruled on MSU's motion, Dr. Fishel filed an amended complaint, which he now concedes "repeated the averments of the original, excepting references to the '150 patent." Appellant Brief, p. 6; *see also* ECF No. 34 (Amended Complaint). In his amended complaint, Dr. Fishel alleged that he was a co-inventor of the '534 and '714 patents and these patents did not name him as a co-inventor.

ECF No. 34 (Amended Complaint), p. 2, ¶¶11-12. Dr. Fishel's amended complaint then set forth allegations regarding his work and contribution. *Id*. at 3-4, ¶¶13-21. Dr. Fishel sought a declaration and order naming him as a co-inventor of the '534 and '714 patents. *Id*. at 4-5. The amended complaint contained no allegations regarding any injury. *See id*. Once again, MSU moved to dismiss because, among other things, Dr. Fishel's amended complaint failed to state any injury. ECF No. 36 (Motion); ECF No. 37 (Brief in Support). In opposition to MSU's motion, Dr. Fishel relied upon his previously filed response. ECF No. 47 (Response); *see also* Appellant Brief, p. 6. MSU filed a reply. ECF No. 48 (Reply).

## III. The District Court's Opinion and Order

The district court concluded that MSU's motion to dismiss on standing grounds properly implicated FED. R. CIV. P. 12(b)(1). Appx2; *see also* ECF No. 51 (Opinion and Order). In granting the motion, the district court determined that Dr. Fishel's amended complaint "alleges *no* injury, period." Appx5 (emphasis in original). The district court reasoned that it "may (very generously) infer that Dr. Fishel alleged a 'particularized' injury merely by virtue of his name being left off a patent . . .; however, Dr. Fishel certainly has not alleged any 'concrete' injury from the failure to name him on a patent, as required to establish an 'injury in fact.'"

*Id*.[1] Finally, the district court determined that while Dr. Fishel advanced "a vague reference in his *responsive brief* to" MSU's motion to dismiss about how being named an inventor on a patent is an important publication credit, "that example appears nowhere in the pleadings, and moreover, a reputational *interest* would not suffice to allege a reputational *injury*." *Id*. (emphasis in original). Accordingly, the district court held that Dr. Fishel "has failed to plead that he has or will suffer *any* injury, let alone an 'injury in fact' required for constitutional standing." Appx6 (emphasis in original). The district court therefore entered judgment in MSU's favor. Appx8; ECF No. 52 (Judgment).

## Summary of the Argument

The district court properly held that Dr. Fishel lacks Article III standing to assert a claim for correction of inventorship under 35 U.S.C. § 256 because Dr. Fishel failed to plead any injury whatsoever in his amended complaint. While Dr. Fishel now attempts to provide conclusory allegations in his brief regarding purported injuries, such allegations appear nowhere in his amended complaint itself. This Court should affirm the district court. Additionally, this Court should reject Dr.

[1] While the district court rested its opinion on the absence of any injury pled in the amended complaint, the district court also observed that Dr. Fishel apparently could not allege a concrete financial injury under Michigan State University's policies, which provided that the patents were assigned and belonged to Michigan State University. Appx6. The district court, however, expressly determined that "[b]ecause the Court finds that [Dr. Fishel] has failed to establish proper constitutional standing, it is not necessary to address any of [MSU's] other arguments." Appx7.

Fishel's invitation to somehow abrogate Article III constitutional standing in 35 U.S.C. § 256 cases because the law is clear and correct that Article III standing is a threshold question in every federal case.

## Argument

### I. Statement of the Standard of Review

MSU agrees that the standard of review is *de novo*; however, Dr. Fishel's statement is incomplete. Whether a 12(b)(1) motion was properly granted is a question not unique to patent law; therefore, this Court applies the law of the regional circuit – the Sixth Circuit. *Cedars-Sinai Medical Center v. Watkins*, 11 F.3d 1573, 1580 (Fed. Cir. 1993). Under Sixth Circuit law, this Court reviews both the dismissal and the question of standing *de novo*. *Phillips v. DeWine*, 841 F.3d 405, 413-14 (6th Cir. 2016); *see also Shukh v. Seagate Technology, LLC*, 803 F.3d 659, 663-64 (Fed. Cir. 2015), *cert. denied*, ___ U.S. ___; 136 S.Ct. 2512; 195 L.Ed.2d 842 (2016). Motions to dismiss for lack of subject-matter jurisdiction based upon standing come in two varieties: a facial attack or a factual attack. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack to the subject-matter jurisdiction alleged in the complaint questions the sufficiency of the complaint itself. *Id.*; *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir. 2014). When reviewing a facial attack, a court takes the allegations in the complaint as true. *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 440 (6th Cir. 2012). A factual attack, on the other

hand, challenges the actual existence of subject-matter jurisdiction, and the court may "weigh evidence to confirm the existence of the factual predicates for subject-matter jurisdiction." *Id*. This appeal involves a facial attack to Dr. Fishel's amended complaint. Appx5-7; *Lovely v. United States*, 570 F.3d 778, 781-82 (6th Cir. 2009).

## II. The District Court Properly Dismissed Dr. Fishel's Amended Complaint Because it Contained No Allegations of Any Injury

### A. The Injury Requirement of Constitutional Standing

As the party invoking federal subject-matter jurisdiction, Dr. Fishel had the burden of demonstrating that he satisfied each of the three elements of Article III constitutional standing: (1) injury, (2) causation, and (3) redressability. *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002); *Chou v. Univ. of Chicago*, 254 F.3d 1347, 1359-60 (Fed. Cir. 2001); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). For his amended complaint, Dr. Fishel's burden was plain: "Where, as here, a case is at the pleading stage, the plaintiff must 'clearly . . . allege facts demonstrating' each element" of standing. *Spokeo, Inc. v. Robins,* ___ U.S. ___; 136 S.Ct. 1540, 1547; 194 L.Ed.2d 635 (2016) (internal quotation omitted). The injury element of standing is at issue in this appeal.

Specifically, Dr. Fishel was required to clearly allege in his amended complaint that he suffered an injury in fact. *Id*.; *Lujan*, 504 U.S. at 560. An injury in fact is "a harm that is both 'concrete' and 'actual or imminent, not conjectural or hypothetical.'" *Vt. Agency of Natural Resources v. United States ex rel. Stevens*, 529

U.S. 765, 771 (2000) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). Recently, in *Kamden-Ouaffo v. PepsiCo Inc.*, 657 Fed. Appx. 949 (Fed. Cir. 2016), this Court examined the difference between clearly pleading an injury as opposed to pleading something that is merely conjectural.

In *Kamden-Ouaffo*, the plaintiff filed a five count second amended complaint, which included claims pursuant to 35 U.S.C. § 256 for correction of inventorship. *Id*. at 951. For his correction of inventorship claims, the plaintiff alleged that he "'sustains and/or might sustain damages in terms of the loss of the ownership, inventorship, recognition, and the honor for his . . . Intellectual Property.'" *Id*. at 954 (internal quotation omitted). The district court dismissed the second amended complaint in its entirety, and this Court affirmed. *Id*. at 950-52. Significantly, this Court concluded:

> We affirm the district court's holding that [the plaintiff] lacked standing for his correction of inventorship claim because [the plaintiff's] sole claim of injury, in his Second Amended Complaint, stemming from his alleged loss of inventorship, was a bare assertion that "Plaintiff sustains and/or *might sustain* damages in terms of the loss of the ownership, inventorship, recognition, and the honor for his . . . Intellectual Property." An allegation that one "sustains and/or might sustain" injury, including reputational injury, is not "concrete and particularized," but rather "conjectural or hypothetical."

*Id*. at 954 (internal quotations and citations omitted) (emphasis in original). Because the plaintiff was required, at the pleading stage, to clearly allege facts demonstrating each element of standing, this Court affirmed the dismissal because the plaintiff "did

not clearly allege facts demonstrating actual harm to his reputation and that his alleged reputational harm had an economic component such as loss of employment." *Id*. (citing *Spokeo,* 136 S.Ct. at 1547; *Shukh,* 803 F.3d at 666-67). This Court further noted that while the plaintiff argued that he suffered economic harm from his employment termination, "these allegations are distinct from economic damage from not being listed as an inventor on the patent." *Kamden-Ouaffo,* 657 Fed. Appx. at 954 n.6. Here, Dr. Fishel did not clearly allege facts demonstrating the injury element of constitutional standing.

### B. In His Amended Complaint, Dr. Fishel Failed to Clearly Allege Any Injury

MSU advanced a facial attack on Dr. Fishel's amended complaint. *Ohio Nat'l Life,* 922 F.2d at 325. Pursuant to Rule 12(b)(1), the district court properly dismissed Dr. Fishel's amended complaint because Dr. Fishel wholly failed to plead any facts that he suffered an injury from not being listed as an inventor. Unlike the plaintiff's complaint that was held to be insufficient in *Kamden-Ouaffo,* Dr. Fishel's amended complaint did not even contain a "bare" or conclusory allegation that he suffered an injury. Dr. Fishel's amended complaint makes no allegation whatsoever that he suffered an injury. ECF No. 34 (Amended Complaint). "Injured," "harmed," "damaged," or similar terms do not appear anywhere on the face the amended complaint. Nor does Dr. Fishel direct this Court to a specific allegation in his amended complaint where he unmistakably claimed

to have suffered an injury. Because Dr. Fishel's amended complaint was required to allege that he suffered an injury, *Lujan*, 504 U.S. at 560, and the district court correctly determined that Dr. Fishel "failed to plead that he has or will suffer *any* injury, let alone an 'injury in fact' required for constitutional standing," Appx6 (emphasis in original), the district court properly dismissed this action.

**C. Dr. Fishel's Newfound Arguments Do Not Appear in His Amended Complaint**

In this Court, Dr. Fishel improperly advances several arguments regarding his purported injury that appear nowhere in the amended complaint. Dr. Fishel's arguments that are outside the amended complaint are inappropriate in this facial attack case, which challenges the sufficiency of the amended complaint itself. *See Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 300 (6th Cir. 2007) ("A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading."). For example, in his brief, Dr. Fishel asserts "not being named on the published applications and issued patents prevented Dr. Fishel from receiving any scientific recognition and reputational reward for his years of work at Barros." Appellant Brief, p. 4. Dr. Fishel, however, provides no citation to his amended complaint where such an assertion was actually pled. Similarly, Dr. Fishel avers that his standing in the scientific community was "destroyed" and he was "unable to obtain any suitable employment at another institution, settling for odd jobs and ultimately one at an

unstable Illinois clinic dealing with women's infertility issues." *Id*. at 15. Again, Dr. Fishel provides no citation to his amended complaint where this averment was actually pled. Dr. Fishel repeats this improper tactic throughout his brief. *See*, *e.g.*, *id*. at 8-9.

Dr. Fishel relies on just one portion of his amended complaint in support of his appeal. Dr. Fishel notes that his amended complaint provides:

> 15. Without a laboratory, and bound by a confidentiality agreement, Dr. Fishel was unable to successfully continue his work after his departure from Barros in identifying the active anti-cancer agent in the small intestine protein pool. Dr. Rosenberg and others at Barros Research Institute tried for many years conclusively to identify the active protein but did not appear to know or understand well the science for doing so.

ECF No. 34 (Amended Complaint), p. 3, ¶15; *see also* Appellant's Brief, pp. 7, 13. According to Dr. Fishel, "[t]his statement of monetary and reputational damage – being unable to continue or reference his work because of not being named on the published applications or the issued patents -- should be sufficient 'concrete and particularized injury' and 'injury in fact' to have satisfied this Court below [*sic*] even under this Court's existing binding precedents." Appellant's Brief, p. 13. Contrary to Dr. Fishel's argument, nothing in Paragraph 15 – or the entirety of the amended complaint – references "monetary and reputational damage." Even under the most charitable construction, Dr. Fishel alleges in Paragraph 15 that he had an interest in his employment or work. Nothing in the amended complaint, however,

alleges that any interest was *injured*, much less injured *because* Dr. Fishel was not listed as an inventor. *See Kamden-Ouaffo*, 657 Fed. Appx. at 954 n.6. This is fatal to Dr. Fishel's appeal, and he is not permitted to revise his amended complaint in this Court.

In short, unlike the plaintiff in *Chou*, for example, Dr. Fishel did not allege a concrete financial interest and an injury to that interest. *See Chou*, 254 F.3d at 1359. Nor is this a case involving allegations that a plaintiff suffered a reputational injury from not being listed as an inventor because (a) Dr. Fishel's amended complaint does not allege any reputational interest, and (b) even if a strained reading of the amended complaint could support the notion that Dr. Fishel clearly alleged a reputational interest, there are simply no allegations regarding how any such interest was injured. *See, e.g.*, *Shukh*, 803 F.3d at 666-67; *Pederson v. Geschwind*, 141 F.Supp.3d 405, 413 (D. Md. 2015) (dismissing case for lack of standing and concluding that the plaintiff's mere "status as a named inventor . . . plainly does not constitute a concrete and particularized injury to him."). Instead, this is a case where the plaintiff completely failed to allege any injury. Therefore, MSU respectfully asks this Court to affirm the district court's dismissal.

## III. Constitutional Standing is Required in 35 U.S.C. § 256 Cases

MSU also respectfully asks this Court to decline Dr. Fishel's invitation to abrogate constitutional standing in 35 U.S.C. § 256 cases. Dr. Fishel's invitation

disregards fundamental constitutional principles of standing and separation of powers. *See, e.g.*, *Spokeo*, 136 S.Ct. at 1547-48; *Raines v. Byrd*, 521 U.S. 811, 820 n.3 (1997) ("Injury in fact is a constitutional requirement, and '[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'"). Constitutional standing cannot be abrogated in 35 U.S.C. § 256 cases because a suit brought by a plaintiff without standing is not a "case or controversy" and, therefore, an Article III court lacks subject-matter jurisdiction over such a suit. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 101 (1998). Accordingly, Article III standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Larson v. Correct Craft, Inc.*, 569 F.3d 1319, 1326 (Fed. Cir. 2009); *see also Warth v. Seldin*, 422 U.S. 490, 498 (1975). This threshold question does not, and cannot, change in 35 U.S.C. § 256 cases. A plaintiff suing for correction of inventorship under 35 U.S.C. § 256 can pursue that claim in federal court "only if the requirements for constitutional standing—namely injury, causation, and redressability—are satisfied." *Larson*, 569 F.3d at 1326. Therefore, Dr. Fishel's request to abrogate constitutional standing is grossly improper.

## Conclusion

MSU respectfully asks this Court to affirm the district court's dismissal. The district court properly held that Dr. Fishel lacks Article III standing to assert a claim for correction of inventorship because Dr. Fishel failed to plead any injury whatsoever in his amended complaint. Further, Dr. Fishel's request to abrogate Article III standing wholly lacks merit.

Respectfully submitted,

*s/ Brian T. Quinn*

Brian T. Quinn
Counsel for Defendants-Appellees

**Proof of Service**

I certify that I filed a copy of this document and related materials, Brief of Defendants-Appellees, with the CM/ECF System, which will electronically serve these materials on John R. Crossan as counsel for Plaintiff-Appellant.

Six bound copies will be mailed to the court today via US Priority mail.

*s/ Robin Stechschulte*

__________________________________

Robin Stechschulte

## Certificate of Compliance

This brief complies with the type-volume limitation of Fed. R. App. P. 32(1)(7)(B). This brief contains 2,916 words, excluding the exempt pages.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-spaced typeface using Microsoft Word 2010 in 14-point Times New Roman font.

*s/ Brian T. Quinn*
___________________________
Brian T. Quinn