No. 17-1007

# In the
# United States Court of Appeals
## for the Federal Circuit

LAURENCE A. FISHEL, an Illinois resident,

*Plaintiff-Appellant,*

v.

MICHIGAN STATE UNIVERSITY, DAVID A. JUCKETT, CHARLES AYLSWORTH, IGOR ZLATKIN, TATANIA ZLATKIN, SIU-CHEONG HO, JOHN W. JUDGE,

*Defendants-Appellees.*

Appeal from the United States District Court
for the Western District of Michigan, Case No. 1:15-cv-00050-PLM.
The Honorable **Paul L. Maloney**, Judge Presiding.

## REPLY BRIEF OF PLAINTIFF-APPELLANT

JOHN R. CROSSAN
CROSSAN INTELLECTUAL PROPERTY LAW, LLC
875 North Michigan Avenue
Suite 3216
Chicago, Illinois 60611
(312) 498-2365

*Attorney for Plaintiff-Appellant*

COUNSEL PRESS · (866) 703-9373 PRINTED ON RECYCLED PAPER

Table of Contents

**I. MSU SHOWS NO REASON FOR DISMISSAL ON THE PLEADINGS .......... 1**

**II. CONCLUSION .......... 8**

Table of Authorities Cited

*Shukh v. Seagate Tech, LLC,* 803 F.3d 659 (Fed.Cir. 2015) .......... 3, 6

35 USC § 256 .......... 2, 8

37 CFR § 256 .......... 1

Rule 12(b)(1), F.R.Civ.P .......... 8

## I. MSU SHOWS NO REASON FOR DISMISSAL ON THE PLEADINGS

MSU and the other Defendants argue solely that Dr. Fishel has pleaded no "injury" from his being omitted as a named inventor on the two patents in suit, mirroring the District Court's error. Such injury (or damage) is established, however, simply in his being omitted from inventorship although he should have been included, as is clearly alleged in the Amended Complaint. 37 CFR § 256 provides a method of correcting omission of inventors where appropriate, and Dr. Fishel invokes that statute here.

Separate pleading and proof of "injury" or specific "damages"apart from omission from inventorship seems unnecessary, else patent rights to valuable inventions[1] are subject to forfeiture due to clerical error or subterfuge of a subset of named inventors. No separate proof of injury is required, for instance, where a patent infringement suit is filed and a defense of invalidity due to non-joinder or misjoinder of inventor(s) is asserted. Separate suits for correction of inventorship where there is no pending infringement action, as here, should have no different requirement of allegation or proof of injury or damage apart from the omission of an actual co-inventor's name. A case or controversy is established by that omis-

[1] After the filing of Dr. Fishel's opening appeal brief, MSU has paid the maintenance fees due on the two patents in suit. Thus footnote 1 of Dr. Fishel's opening brief, at page 16, should now be disregarded. The two patents are both now unexpired until the third or second maintenance fees are due, 12 or 16 years from their issue dates, in or after 2020.

sion, a claim for inclusion, and opposition by the owner or other inventors to correction. Nothing more should be required. Certainly a mere bystander or intermeddler should have no standing, but a person involved in the team that made the invention should be able to prove his standing.

Dr. Fishel's role in identifying at most three proteins in the small intestine pool from laboratory mice was crucial to the patented discoveries, without which the inventions could not have been made and the two patent applications could not have been prepared, filed, examined, and granted. That omission was a damaging error and injury inflicted on Dr. Fishel by the inventors and by MSU and their counsel. The Courts should rectify that error and the resulting injury and damage.

The decision below and MSU's opposition are based on faulty reading and application of this Court's precedents in applying 35 USC §256, which decision now should be reversed by this Court. Addtionally, the contrary precedents should be clarified to avoid confusion in the future. Dr. Fishel's efforts in the anti-cancer project at MSU and Barros Research Laboratories, in which he spent several years contributing to the claimed inventions together with the named inventors, are certainly worthy of such recognition and so support correction of the two patents in suit, as will be established at trial of this matter.

MSU principally argues that Dr. Fishel has pleaded no injury from his omission from inventorship. It discards both the statute, 35 USC §256, and specifically

paragraph 15 of the Amended Complaint as going only to termination / non-renewal of Dr. Fishel's employment at Barros.

MSU thus seeks to ignore the crucial question of inventorship of the claimed anti-cancer methods -- which Dr. Fishel made possible through his innovative work. He alone devised, constructed, and used column separation devices and techniques for isolating, from the thousands of large protein molecules present in the small intestines of mice, just three such proteins, at least one of which had the anti-cancer properties sought in the massive effort undertaken.

Again, the inventiveness and importance of Dr. Fishel's work is seen in that his remaining colleagues at Barros were unable to continue and actually conclude his work in identifying just the one or two active proteins from the remainder of the small intestine pool having the desired anti-cancer effects. Those colleagues invested many months and years of effort without succeeding, so all of Dr. Fishel's final three proteins are now disclosed and claimed in the patents in suit.

Not being named on the published applications and issued patents is asserted in the Amended Complaint, just as in the *Shukh* case cited, 803 F.3d 659, 666-67, to have prevented Dr. Fishel from receiving any scientific recognition and reputational reward for his years of work at Barros. That work is documented in files preserved in MSU's archives, including minutes and voice recordings of weekly

meetings and written progress reports from Dr. Fishel and others. Proofs of his contributions at trial will be straightforward.

The injury and damage basis, including the clear case and controversy between the parties, for this suit was made very clear in the pleadings of the initial and then the Amended Complaint. Dr. Fishel worked at Barros Research Institute on its anti-cancer project, specifically to identify the particular, active anti-cancer proteins or agents in the small intestines of mice, and then briefly of cows. His assignment was to separate the many very large proteins and other agents in the small intestines of mice, which were known to protect those intestines from development of cancerous tumors. He devised a method of separating the proteins, using column and other techniques that he inventively adapted to the task. He identified shorter and longer proteins and other molecules in each separation batch and provided the batches separately to teammates who tested them against cancers in cell cultures and in laboratory mice. The batch that killed the cancer cells in the cultures or had anti-cancer effects in the mice was separated again into shorter and longer protein batches through additional separation columns and methods, and each portion was then tested for having anti-cancer properties or not. By this process, Dr. Fishel winnowed the many thousands of proteins from the initial sample of mouse small intestines down to just three. Then cow intestines became the

source of possible anti-cancer agents. These processes and test results all are documented in files of Barros Research Institute, now kept in the archives of MSU.

The other, remaining members of the Barros team as well as new hires were unable to work the column and other separation techniques as Dr. Fishel had. They eventually gave up. A patent application disclosing the three final proteins, among others (apparently from the cow intestines work), was filed – without contacting or naming Dr. Fishel as a co-inventor -- and was ultimately published on August 4, 2005. A second application, a division of the first, was later filed and was published on May 28, 2009. The patents were issued on July 1, 2008, and September 2, 2012, respectively.

Dr. Fishel was not named on either of the two patents in suit, at filing, publication, or issuance. Having a gap of several years in his resume (during and after his time at MSU and Barros), he was unable to find suitable employment, as at a university or corporate biotechnology or pharmaceutical firm, in his field. Trusting that MSU would keep him informed, as promised, he did not discover the filing, publication, or issuance of these patents until 2014. He was only able to find *pro bono* counsel in 2015, who then filed the suit below.

Dr. Fishel's initial, Verified Complaint and then his Amended Complaint recounted much of the above history. In Paragraph 15 of each complaint as filed he

stated specific, concrete injury and damage from his being omitted from inventorship:

> Without a laboratory, and bound by a [non-publication commitment], Dr. Fishel was unable successfully to continue his work after his departure from Barros in identifying the active anti-cancer agent in the small intestine protein pool. Dr. Rosenberg and others at Barros Research Institute tried for many years [after] conclusively to identify the active protein but did not appear to know or understand well the science for doing so.

This statement of monetary and reputational damage – being unable to continue or reference his work because of not being named on the published applications or the issued patents -- should be sufficient "concrete and particularized injury" and "injury in fact" to have satisfied the Court below even under this Court's existing, binding precedents. <u>*Shukh v. Seagate Tech, LLC*</u>, 803 F3d 659, 666-67 (Fed.Cir 2015):

> … Dr. Shukh presented evidence that his alleged reputational harm had an economic component. Dr. Shukh has been unemployed since 2009, and he seeks a job in the field of technology covered by the disputed patents. A trier of fact could infer that the stronger Dr. Shukh's reputation as an inventor, the more likely he is to be hired.

Dr. Fishel's Verified Complaint and his Amended Complaint readily met the three standards for establishing injury and damage to his person and property and his injury in fact and thus his standing to sue. The District Court only dealt with

the "injury in fact" prong of the test, but it is clear that all three prongs are satisfied by the pleading below.

First, Dr. Fishel clearly was damaged and injured in his scientific reputation by being omitted from co-inventorship on patents for which he worked for years and was integral to the making of the inventions. Without a manageable quantity of purified proteins confirmed as having (at least among them) anti-cancer properties, the starting material for the anti-cancer treatment developed at Barros could not have been disclosed and claimed. That former colleagues at Barros could not more specifically identify the one or two active anti-cancer proteins, despite having ten years to do so and all the equipment and Dr. Fishel's notes for doing so, establishes the non-obviousness of Dr. Fishel's contribution to the two patents to which his name should be added.

Dr. Fishel's damage and injury, as pled and as would be proven at trial, comprises both financial and reputational damages. Not being able to continue his scientific work beyond his contract at MSU, nor having credit for the work done, virtually destroyed his standing in the scientific community. He was in fact unable to obtain any suitable employment at another institution, settling for odd jobs and ultimately one at an unstable Illinois clinic dealing with women's infertility issues.

The above facts, to be proven at trial or in further proceedings, establish clear "injury in fact" to Dr. Fishel in money damages and to his reputation.

The two other prongs of the Constitutional standing test are readily satisfied, had the Court below examined them. It was the defendants (and their patent counsel, acting at the named investors' and MSU's behest) who omitted Dr. Fishel from co-inventorship and have (with one exception – Dr. Tatiana Zlatkin) refused entreaties for him to be added to the patents, If the court below so directs the Commissioner of Patents, Dr. Fishel would be added to the patents as issued, as by a certificate of correction. The two patents in suit are not now expired.

## II. CONCLUSION

This case was improperly dismissed under Rule 12(b)(1) based on error in the District Court's assessment of the requirements of this Court and the Supreme Court for correcting and changing inventorship of an issued US patent under 35 USC §256. This case should be reversed and remanded so that Plaintiff-Appellant, Laurence A. Fishel, PhD, can demonstrate that his name should be added as a co-inventor on each of US patent no. 7,393,534 and the divisional thereof, US patent no. 8,257,714, by issuing a direction to the Commissioner of Patents, as prayed for.

Dated: February 24, 2017

Respectfully Submitted,

/s/John R. Crossan/

Counsel for Plaintiff-Appellant
Crossan IP Law, LLC
875 N. Michigan Avenue, #3216
Chicago, IL 60611-1960

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. Cir. R. 32(a). This brief contains 1,911 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f) and Fed. Cir. R. 32(b).

The brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-spaced typeface using Microsoft Word 2010 in 14-point Times New Roman type.

Dated: February 24, 2017

*/s/ John R. Crossan*

John R. Crossan
CROSSAN INTELLECTUAL PROPERTY LAW, LLC
875 North Michigan Avenue
Suite 3216
Chicago, Illinois 60611
(312) 498-2365

## CERTIFICATE OF SERVICE

I, Rose E. Olejniczak, being duly sworn according to law and being over the age of 18, upon my oath deposes and states that:

Counsel Press was retained by Crossan Intellectual Property Law, LLC, Counsel for Plaintiff-Appellant, to print this document. I am an employee of Counsel Press.

On February 24, 2017, Crossan Intellectual Property Law, LLC authorized me to electronically file the foregoing Reply Brief of Plaintiff-Appellant with the Clerk of the Federal Circuit using the CM/ECF System, which will serve e-mail notice of such filing on the following attorneys:

Brian T. Quinn
Theresa Kelley
Michigan State University
426 Auditorium Road, Room 494
East Lansing, MI 48824-2600
(517) 884-9483
quinnbri@msu.edu
kelleyt@msu.edu

Upon acceptance by the Court of the e-filed document, six paper copies of the brief will be filed with the Court, via Federal Express, within the time provided in the Court's rules.

February 24, 2017 /s/ Rose E. Olejniczak
Rose E. Olejniczak